# County of Philadelphia *against* Sharswood.

Under the resolution of the Legislature of the 27th March 1839, the members of the County Board are entitled to be paid wages for their attendance out of the funds of the county of Philadelphia, notwithstanding they are members of the Legislature.

Such a provision does not conflict with the clause of the constitution directing that members of the Legislature shall be paid a compensation for their services out of the treasury of the Commonwealth.

THIS was a writ of error to the Common Pleas of *Philadelphia* county, into which the case came by appeal from an alderman. The declaration was in *assumpsit* for $12 wages or salary of the

[County of Philadelphia v. Sharswood.]

plaintiff, George Sharswood, Esq., as a member of the County Board, for four days' attendance on its duties in pursuance of the resolution of the Legislature, passed the 27th March 1839. The defendants demurred to the declaration, and judgment was rendered for the plaintiff.

The case was argued here by

*Dallas*, for the plaintiff in error ; and
*Sharswood*, contra.

The opinion of the Court was delivered by

KENNEDY, J.—This action was brought originally by the defendant in error against the county of Philadelphia, before an alderman of the city of Philadelphia, to recover $12, which he claimed as being due to him from the county, for four days' service rendered as a member of the County Board, after the month of March in the year 1842. The alderman gave a judgment in favour of the plaintiff before him against the county for the sum claimed ; from which the county carried the cause to the Court of Common Pleas of the county by appeal, where the plaintiff again obtained a judgment for the same amount against the county, upon a demurrer by the county to the demand of the plaintiff below, as set forth in his declaration. The cause is now before this court upon a writ of error sued out to the judges of the Court of Common Pleas of Philadelphia county. By an Act of the Legislature, passed the 10th April 1834, entitled " An Act for erecting the County Board, and concerning the commissioners and auditors of the county of Philadelphia, and for other purposes," it is enacted by the 5th section thereof, that " from and after the passage of this Act, the members for the time being of the Senate and House of Representatives from the city and county of Philadelphia shall form the County Board, whereof a quorum shall consist of a majority of the whole number, who shall have free access to the books, papers and accounts of said office, and without whose consent and approbation in writing it shall not be lawful for the commissioners of the said county of Philadelphia to lay any tax or county rate and levy, or to borrow any money, except as is hereinbefore authorized and provided for." By the 6th section it is further declared that " the county commissioners may call meetings of the said County Board whenever they shall deem it expedient so to do, giving at least ten days' public notice of the time and place of such meeting, and of the purpose for which the same shall be called, and also giving private notice thereof to the members of said Board : *Provided,* that no meeting of the said Board shall be appointed to be held at any time during the session of the General Assembly of this Commonwealth." But by the 1st section of a subsequent Act passed the 5th April 1842, (*Pamph.* 236), the County Board may meet at Harrisburgh during the ses-

[County of Philadelphia v. Sharswood.]

sion of the Legislature, upon the requisition of the county commissioners. And by the 13th section of a subsequent Act, passed July 26, 1842, it is provided that the then County Board shall continue to exercise their powers until the 1st day of January 1843, and thereafter the members of said Board shall hold their seats and exercise their powers for one year from the 1st day of January succeeding their election. The Act of 1834, establishing the County Board, made no provision for compensating the members thereof for their services and loss of time in performing the duties required of them; nor did they receive any until after a resolution of the Legislature, passed the 27th March 1839, (*Pamph.* 656), whereby it was resolved, that thereafter the members of the Philadelphia County Board should receive, for each day's attendance upon the duties of the said Board, the pay and mileage of a member of the Legislature, to be paid out of the funds of the treasury of the county of Philadelphia. It is objected that it is contrary to the 18th section of the 1st article of the State constitution, that the members of the County Board should be paid out of the county treasury, because it is as senators and representatives of the city and county of Philadelphia that they form and act as the County Board; and by the article and section of the constitution referred to, it is expressly declared that they shall be paid a compensation for their services out of the treasury of the Commonwealth. This provision, however, of the constitution must be regarded as applying only to the compensation which shall be paid to them for their services performed by them as members of the Legislature, and as appertaining to the business of legislation. But it is perfectly clear that the duties and business to be performed by them as a County Board have no relation to, or connection whatever with, their duties and business as members of the Legislature. They are altogether different and distinct from each other. The first are performed for the benefit of the city and county of Philadelphia exclusively; and hence it is nothing but just that the compensation allowed therefor should be paid out of the county treasury: whereas the second are performed for the benefit of the whole State; and therefore it is right that the compensation allowed for the same should come out of the State treasury. We are therefore of opinion that the judgment ought to be affirmed, and accordingly affirm it.

Judgment affirmed.